[L. A. No. 3290. In Bank.—March 5, 1915.]

THE PEOPLE, Upon Information of U. S. Webb, Attorney-General, Respondent, v. HANCOCK BANNING et al., Appellants.

TIDE LANDS—PATENT TO LAND WITHIN TWO MILES OF TOWN OF WILMINGTON IS VOID.—*People* v. *California Fish Company*, 166 Cal. 576, and *People* v. *Banning Company*, 166 Cal. 632, affirmed to the effect that a patent to tide lands situated within two miles of the limits of the town of Wilmington, as incorporated by the act of 1872, is void, where all proceedings for the acquisition of the land, including the issuance of the patent, were had during the time that such town remained a municipal corporation.

ID.—ADVERSE POSSESSION.—For the reasons stated in the opinion in *Patton* v. *Wilmington, ante*, p. 521, it is held that the defendants did not obtain title to the land in controversy by adverse possession.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Smith, Miller & Phelps, for Appellants.

U. S. Webb, Attorney-General, Anderson & Anderson, Leslie R. Hewitt, John W. Shenk, City Attorney of Los Angeles, and A. P. Fleming, for Respondents.

SHAW, J.—The defendants appeal from the judgment.

This case is similar to the series of nine cases begun by the State of California to determine the state's right and title to certain lands in the bay of San Pedro and mentioned in the opinion in *People* v. *California Fish Company*, 166 Cal. 576, [138 Pac. 79]. The complaint, in form, states a cause of action to quiet title to a tract of land containing about seven acres. The judgment is that the state of California is the owner of all that portion of the tract which lies south of the boundary line of the San Pedro grant to Manuel Dominguez of December 18, 1858, the same being tide lands, and that the defendants, other than William Banning, own all that part of the tract lying north of said boundary line, and that no adjudication is made as to the littoral rights, if any, of the defendants in or over the land adjudged to the plaintiff.

The defendants claim as purchasers of tide lands from the state, under the provisions of the Political Code, sections 3440 to 3493½ inclusive. The land lies within two miles of the town of Wilmington. A part of it is included in tide land location No. 57, being the location of that number referred to in the opinions in *People* v. *California Fish Company*, and *People* v. *Banning Company*, 166 Cal. 632, [138 Pac. 100]. The remainder is included in tide land location No. 53, application for the purchase of which was made in 1877, and a certificate of purchase therefor issued in 1880 to James McFadden, to whose rights the defendants have succeeded. Under the decisions above mentioned, all this land was withheld from sale by state officers by the law in force at the time the purchases were made, because of the fact that it was within two miles of the town of Wilmington. Upon the principle stated in those cases the sales and patents under which the defendants claim are void. The reasons were fully stated in the opinions in those cases and it is unnecessary to consider them here.

The defendants also claim that they established title to the tide land by prescription. The land here involved, so far as

the tide laid is concerned, is the same tract that was under consideration in the case of *Patton* v. *Wilmington*, (L. A. No. 3485) *ante*, p. 521 [147 Pac. 141], this day decided. In the opinion in that case we have treated the subject at length. For like reasons we here hold that defendants did not obtain title by their adverse possession. No other questions are presented.

The judgment is affirmed.

Sloss, J., concurred.

ANGELLOTTI, C. J., concurring.—I concur in the judgment for the reasons stated in my concurring opinion in *Patton* v. *The City of Los Angeles* (L. A. No. 3485), *ante*, p. 521, [147 Pac. 141].

HENSHAW, J., concurring.—I concur for the reasons given in my concurring opinion in *Patton* v. *The City of Los Angeles* (L. A. No. 3485), *ante*, p. 521, [147 Pac. 141].

Melvin, J., and Lorigan, J., concurred.